UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


RICHARD LYNN NORTON )
)
v. ) NO. 2:04-CV-43
)
STATE OF TENNESSEE, *et al.* )


## MEMORANDUM OPINION


Richard Lynn Norton, a state prisoner, has filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is being confined in violation of the Constitution. Several motions are pending, the first of which is respondents' dual motion to dismiss and for summary judgment. [Doc. 44]. Respondents have also submitted petitioner's voluminous state court record. [Doc. 45, Add. Nos. 1-47; Doc. 64, Add. Nos. 48-52, 54; Doc. 68, Addendum No. 53]. Petitioner opposes the motion and he too moves for summary judgment. [Docs. 52 and 54]. For the following reasons, the Court will **GRANT** respondents' motions and **DENY** petitioner's motion.


## I. Procedural History

In 1999, petitioner was convicted of three cocaine-related offenses by a jury in the Greene County Criminal Court and was sentenced to serve three consecutive 12-year sentences. Petitioner pursued direct review and was denied relief on all claims, save one, which resulted in a modified sentence (to an effective 24-year term).

*State v. Norton*, No. E1999-00878-CCA-R3-CD, 2000 WL 1185384 (Tenn. Crim. App. Aug. 22, 2000), *perm. app. denied* (Tenn. 2001).  He also filed a post-conviction petition, but the trial court denied relief, the decision was affirmed on appeal, and the state supreme court declined further review.  *Norton v. State*, No. E2002-00305-CCA-R3PC), 2003 WL 252619 (Tenn. Crim. App. Feb. 5, 2003), *perm. app. denied* (Tenn. 2003).

Petitioner unsuccessfully pursued other judicial remedies, including a state petition for habeas corpus relief, filed while his direct appeal was still pending [Doc. 45, Add. Nos. 11-19]; a state court civil action for a writ of mandamus [*id.*, Add. Nos. 32- 39]; a petition for a writ of error coram nobis, still pending when he filed this instant § 2254 petition, though since dismissed [*id.*, Add. Nos. 40-47]; and at least two prior federal petitions for a writ of habeas corpus under 28 U.S.C. § 2254.  *Norton v. State of Tennessee, et al.*, No. 2:97-cv-327 (E.D. Tenn. 1997) (dismissed without prejudice for failure to exhaust state remedies); *Norton v. State of Tennessee*, No. 2:98-cv-200 (E.D. Tenn. 1998) (same).  He now brings this instant petition for habeas corpus relief, asserting numerous grounds for relief.[1]

---

[1] The Court has struggled to make sense of this lengthy petition.  The claims are pled in nearly impenetrable prose—many under legal theories which do not fit the underlying facts and circumstances, and many of which, wholly or in part, are reiterations of previous claims (supported, perhaps, by additional or different factual allegations).

## II.  **Factual Background**

The following summary of facts is taken from the state appellate court's opinion during petitioner's direct appeal:

> The [petitioner's] convictions stem from three controlled buys arranged by the Third Judicial District Drug Task Force. On December 22, 1996, a confidential informant, Penny Knight, was paged by the [petitioner], who offered to sell her crack cocaine. Ms. Knight arranged to meet the [petitioner] and his co-defendant, Robin Willett Key, in the parking lot of the Food Country Supermarket in Mosheim, Tennessee, at 3:00 P.M. on the following day. Prior to the meeting, Greene County Sheriff's Deputy Doug Johnson and his partner, Tim Ward, wired Ms. Knight for sound and insured that she had no illegal drugs either in her possession or in her vehicle. The officers gave her $300 in cash and, while parked in their vehicle across the street from the transaction, monitored the exchange via the wire. The [petitioner] and co-defendant Key were together when they arrived at the Food Country parking lot. Ms. Key was driving and the [petitioner] was seated in the passenger seat. The officers observed Ms. Knight approach the passenger side of the vehicle in which the [petitioner] was riding, make conversation with the occupants, place her hands inside the car, and then leave. After the exchange, Ms. Knight returned to the officers and provided them with one gram of cocaine, the remainder of the cash they had given her, and the sound equipment.
>
> Both an audio tape and a transcript of the December 23 transaction were introduced at the [petitioner's] trial.
>
> ••••
>
> Eight days after the first purchase, the [petitioner] and Ms. Key met Ms. Knight again at the same parking lot. This time, Ms. Knight purchased 1.4 grams of crack cocaine. A video tape and a transcript of that purchase were introduced at trial, but were not included in the record. Ms. Knight testified that the second transaction occurred in the same manner as the first. She stated that she was paged by the [petitioner] who offered to sell her crack cocaine. She was wired and searched before arriving at the parking lot to meet the [petitioner], who was in the passenger seat of a car driven by Ms. Key. She approached the [petitioner] and then

exchanged cash for the crack cocaine. At trial, Officers Ward and Johnson testified that they observed this transaction and otherwise confirmed the substance of Ms. Knight's testimony.

The final transaction occurred on January 13, 1997, at the same location. At this purchase, Ms. Knight bought 0.6 grams of crack cocaine from the [petitioner] and Ms. Key.

....

Ms. Knight testified that she purchased a total of 3.0 grams of crack cocaine from the [petitioner]. She asserted that she had never used crack cocaine, but acknowledged that she was convicted of grand larceny in 1986.

*State v. Norton*, 2000 WL 1185384, *1-*2.

## III. **The Dispositive Motions**

In their motion to dismiss, respondents maintain that, except for Ground 13 and certain sub-parts of Ground 22, the other grounds in the petition have been procedurally defaulted because they were not presented properly to the state appellate courts and should be dismissed for that reason. In seeking summary judgment, respondents assert that Ground 13 (alleging insufficient evidence) and parts of Ground 22 (claiming ineffective assistance of counsel) were adjudicated in state courts and that, under the deferential review standards for state court decisions in 28 U.S.C. § 2254, they are entitled to summary judgment as to these claims. This is so, they maintain, because the resulting decision was not contrary to or an unreasonable application of well established federal law.

Petitioner has responded to the dual motion,[2] arguing, as the Court understands his response, that the state court record will show that he raised his claims in the trial court, the state appeals court, and the state supreme court, that he exhausted those claims and, thus, his claims were not procedurally defaulted. Petitioner also suggests that respondents are not entitled to summary judgment based on material factual disputes which still remain since the state courts did not resolve the "39 grievances" offered to support his ineffective-assistance claim. He too seeks summary judgment.

The Court has divided the claims into two categories. The first category consists of the allegedly procedurally defaulted claims and the second is comprised of claims adjudicated in state courts.

## IV. **Law of Exhaustion/Procedural Default**

### 1. *Exhaustion*

28 U.S.C. § 2254(b) (1) provides that a state prisoner's petition for a writ of habeas corpus will not be granted unless it appears that the petitioner has exhausted his available state court remedies, or that there is an absence of available state corrective process, or that circumstances exist that render such process ineffective to

---

[2] His second response, titled "Motion to Amend; the Petitioner's Opposition Motion, and Motion to Cross-Move for Summary Judgment, In Request to Dismiss The Respondents Motion to Dismiss and Summary Judgment,"[Doc. 56] is equally abstruse [as the title indicates] and, with regard to some specific claims, internally inconsistent. For example, he admits he did not raise Ground Two in the state courts while, at the same time, asserting that he did raise Ground Two in his *pro se* submissions. The Court has treated this filing as a second response to the motion to dismiss—not as a motion to amend or as a second summary judgment motion.

protect a petitioner's rights. Exhaustion "generally entails fairly presenting the legal and factual substance of every claim," *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987), through one full round of the state court's established review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999); *Adams v. Holland*, 330 F.3d 398, 403-05 (6th Cir. 2003) (holding that a discretionary appeal to the Tennessee Supreme Court is not required for exhaustion purposes under a state procedural rule).

The legal basis of the habeas claim must be the same as, or the "substantial equivalent" of, that presented to state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (citing *Picard*, 404 U.S. at 271). Exhaustion is completed, however, when the claim is appropriately presented, even if the state courts do not address it. *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001) (citing *Harris v. Rees*, 794 F.2d 1168, 1173-74 (6th Cir. 1986)).

## 2. *Procedural Default Doctrine*

A petitioner who has failed altogether to present a claim in the state courts, and who is now barred by a state procedural rule from returning with his claim to those courts, has met the technical requirements of exhaustion (i.e. there are no state remedies left to exhaust) and is deemed to have exhausted his state remedies, but to have done so by way of a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A petitioner who has actually presented his federal claim to the state

courts but those courts decline to address it due to his failure to meet a state procedural requirement has committed a procedural default as well. *See, e.g., Murray v. Carrier*, 477 U.S. 478 (1986) (failure to raise claim on appeal); *Reed v. Ross,* 468 U.S. 1 (1984) (same).

For all types of procedural default, federal review is foreclosed, unless the habeas petitioner can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Coleman,* 501 U.S. at 732.

a. **Cause**: Cause can be shown where interference by state officials rendered compliance with the rule impracticable, where counsel gave ineffective assistance in violation of the prisoner's right under the Sixth Amendment, or where the legal or factual basis of a claim was not reasonably available at the time of the procedural default. *Carrier,* 477 U.S. at 488 and 492. Cause may also be shown where the legal basis of a claim is so novel as to have been reasonably unavailable, but a petitioner cannot demonstrate cause merely by showing that his attorney failed to recognize the legal or factual basis of a claim or failed to raise it despite recognizing it. *Reed*, 468 U.S. at 16. Also, cause does not depend on the fact that counsel made errors or even the type of errors made by counsel; a prisoner bears the risk of any of counsel's errors that do not rise to the level of a constitutional deprivation. *Carrier*, 477 U.S. at 488.

**b. Prejudice**:  Though prejudice has no precise content, it will not be satisfied by a prisoner who simply shows that trial errors created a possibility of prejudice.  At a minimum, a petitioner must show that the errors "worked to his **actual** and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

**c. Miscarriage of Justice Exception**:  Meeting the "cause and prejudice" test is not required, however, where a petitioner submits new and reliable evidence, not presented at trial, to establish that a constitutional error has probably resulted in the conviction of a person who is actually innocent and, therefore, that failure to rule on the merits of the claim will result in a fundamental miscarriage of justice.  *Schlup v. Delo*, 513 U.S. 298, 323 (1995).  But only a truly extraordinary case implicates a fundamental miscarriage of justice.  *Id.* at 314-15, 327-35.

## V.  <u>Discussion</u>

With these principles in mind, the Court turns to those claims which respondent contends have been procedurally defaulted.  For ease of discussion, some grounds have been addressed together.

A.  *Procedurally Defaulted Claims*

1. **Insufficient Presentments** [Pet., Grounds one, two, eight].

*a) Signing issue*: Petitioner's first assertion in this category [Ground one], is

that two presentments in his case were not signed by all Grand Jurors, as required by state law. Acknowledging that he never offered this claim to the state courts,[3] he faults his attorney for failing to raise the claim. As noted, attorney error may constitute cause, but only if it rises to the level of constitutionally ineffective assistance of counsel. *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir.1994). Here, there are bald allegations of ineffective assistance, but no specific factual contentions to show that his attorney's performance was deficient and that prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1986). Absent these two elements, there can be no constitutionally ineffective assistance.

But even if the claim of cause were supported by more than skeletal contentions of ineffective assistance, the state trial court ruled that the charging instrument was "legally sound" and that counsel had not rendered ineffective assistance in connection with the alleged flawed presentments. [Addendum No. 20, Judge Beckner's Mem. Op. and Order of Jan. 25, 2002]. Where a state court has adjudicated a claim on the merits, habeas corpus relief is not warranted, unless the resulting decision was either contrary to, or involved an unreasonable application of, clearly established Federal law, or rested on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1) and (2). The trial court's decision with respect to counsel's representation was none of these things, and, thus, there is no cause to excuse the procedural default.

---

[3] Actually, the state court record contains an attorney-filed pretrial motion to dismiss the presentment on this basis. [Addendum No. 1, Mot. to Dismiss filed Dec. 11, 1997].

And finally, if the presentment claim were not procedurally defaulted, it still would be doomed. This is so because the claim does not raise an issue under the Constitution and, therefore, is not a cognizable habeas corpus claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (finding that federal habeas corpus relief does not lie for errors of state law that do not rise to the level of a constitutional violation.) Petitioner's "signing" claim is based on state law, and nothing offered thus far shows that the alleged violation is of constitutional magnitude.[4]

*b) Lack of Notice*: The second claimed defect in the presentments [Ground two] is that, by alleging that petitioner committed "the offense of sale or delivery of a controlled substance," the charging instruments impermissibly charged two distinct offenses in one count[5] and, thereby, failed to give him notice as to the accusations he was to answer and defend against.

---

[4] Indeed, the state courts have held that signing of a presentment by all Grand Jurors is not a constitutional or statutory requirement, but merely a longstanding practice. *State v. Hudson*, 487 S.W. 2d 672, 675 (Tenn. Crim. App. 1972). Also, the provision in the Fifth Amendment which guarantees a federal criminal defendant an indictment or presentment by a Grand Jury does not apply to the states. *Branzburg v. Hayes*, 408 U.S. 665, 687-88 (1972).

[5] The petitioner was convicted under Tenn. Code Ann. 39-17-416, which provides:

> (a) It is an offense for a defendant to knowingly:
> .......
> (2) Deliver a controlled substance; [or]
> (3) Sell a controlled substance.

Petitioner acknowledges that his attorneys did not raise this claim at trial, on direct review, or in his post-conviction case, but also maintains that he preserved his claim by offering it in his *pro se* pre-trial motions, direct appeals, and his petition for post-conviction relief [Addendum No. 20, pp.13-14]. He does not point to that specific place in the record where this claim was presented, though he does point to ineffective assistance of counsel as cause for any procedural default.

Generally, exhaustion does not occur where a claim is presented only in a pretrial motion and not at trial or on direct appeal, or only in a post-conviction petition and not on post-conviction appeal. *See O'Sullivan*, 526 U.S. at 845-47. The record does not show any *pro se* submissions while petitioner's direct appeal was pending, though it does show a *pro se* motion for a rehearing on direct appeal, which does not include this claim. Moreover, even if petitioner included the claim in his *pro se* filings during his post-conviction appeal, he abandoned all claims at his evidentiary hearing, except those relating to ineffective assistance of counsel. [Addendum No. 21, Evid. Hrg. T. at 6-7].

Finally, exhaustion requires that a petitioner fairly present his federal claim to the state courts in a procedural context where a merits review is likely. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). The well-established rule in Tennessee, as observed in *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001) is "that defendants are generally restricted from representing themselves while simultaneously being represented by counsel." *Id*. at 469 (*citing State v. Burkhart,* 541 S.W.2d 365, 371 (Tenn. 1976). Thus, because Tennessee subscribes to the rule that a criminal

defendant must make a choice between self-representation and representation by counsel, *see id.*; *Burkhart*, 541 S.W.2d at 371; *see also United States v. Conder* 423 F.2d 904, 908 (6th Cir. 1970) (same, federal defendant), and because petitioner chose the latter route, he did not fairly present his claims to state courts by raising them in *pro se* filings while, at the same time, being defended by counsel. *See Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir.1999) (to satisfy the "fair presentation" requirement, a petitioner must "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts"). Thus, by failing to fairly present this claim through one complete round of state court review, petitioner has procedurally defaulted it and, by failing to offer anything except a bare bones contention of ineffective assistance, he has also failed to demonstrate cause to justify his default.

Even if not procedurally defaulted, the claim lacks merit. A presentment which alleges two separate offenses in one count is duplicitous, *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997), and may violate an accused's right to notice of the charges against him and to double jeopardy protections. *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *Watson v. Jago*, 558 F.2d 330, 338-39 (6th Cir. 1977). However, potential violations may be cured where the prosecution elects to rely solely on one offense and where the jury instructions are confined to that offense. *See Wiborg v. United States*, 163 U.S. 632, 648 (1896); *United States v. Robinson*, 651 F.2d 1188, 1195 (6th Cir. 1981). *See also Britt v. North Carolina*, 404 U.S. 226, 237 n. 7 (1971) ("Amendments to the indictment or information are liberally allowed; duplicity and

variances are no longer serious defects.") (citation omitted).

Here, the trial court hearing petitioner's post-conviction petition made factual findings that an election was made between sale or deliver; that the jury was instructed solely on the sale-of- cocaine offense; and that the jury convicted the petitioner only for selling cocaine. [Addendum No. 20, Judge Beckner's Mem. Op. and Order of Jan. 25, 2002]. The trial court did not find any constitutional violation. The question then becomes whether the trial court's decision was contrary to or an unreasonable application of the relevant Supreme Court precedent or an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1) and (d) (2). A federal court should presume a state court's findings of fact are correct, unless a petitioner refutes them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). No such evidence has been offered. According the presumption of correctness to which those factual findings are entitled, the Court concludes that the state court's decision is not contrary to or an unreasonable application of the governing legal rule in Supreme Court cases and that the petitioner is not entitled to relief on this claim.

*c) Missing elements:* The third alleged defect (as the Court understands this abstruse *pro se* pleading) is that the presentments did not allege intent or possession, though they were elements of the offense. [Ground one]. While these issues were not raised on direct or post-conviction review in the state appellate court, that court resolved the issues during petitioner's state habeas corpus case. *Abdus-Samad v. Bell*, 420 F.3d 614, 623 (6th Cir. 2005) (finding that, where a state court addresses a claim on the merits, it has been exhausted for federal habeas corpus purposes); *accord*

*Harding v. Russell*, 26 Fed. Appx. 372, *376, 2001 WL 125423, * 4 (6th Cir. Oct. 11, 2001) ("Regardless of whether the procedural route [petitioner] followed was the correct one under [state] law, the [state] courts gave him what was, in truth and in fact, a decision on the merits....").

The state appellate court found first that, by charging that the petitioner "knowingly sold or delivered crack cocaine in an amount over one-half of a gram," the presentment contained the intent element and, second, that the presentment was not required to allege possession. [Addendum No. 16, Order of Jun. 13, 2002, affirming trial court's judgment in the habeas corpus appeal].

Federal habeas corpus relief lies only for violations of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). State court interpretations of state law are not cognizable grounds for federal habeas corpus relief. *See McGuire*, 502 U.S. at 67. Moreover, to the extent that the claim was offered to the state courts in a constitutional context, the state court decision is not contrary to or an unreasonable application of federal law nor is it based upon an unreasonable determination of the facts. Indeed, the face of the presentments controvert petitioner's allegations, at least as regards the element of intent [Addendum No. 1, 1-3].

*d) Alteration*: The fourth alleged problem with regard to the presentments [Ground eight] is that, after they were returned by the Grand Jury, they were altered without notice to or the consent of petitioner and the jury was not informed that the presentments had been altered.

When the redaction issue was raised as an illustration of ineffective assistance during the post-conviction hearing, the trial judge announced that either he or his secretary had used liquid paper to remove the name of petitioner's co-defendant from the presentments in order to prevent the jury from seeing the name of a person in the presentment who was not on trial. This claim was not carried to the appellate court in counsel's brief for post-conviction review. And, for the reasons discussed earlier, raising it in a *pro se* brief does not exhaust it and constitutes a procedural default.

Petitioner alleges that counsel gave him ineffective assistance with respect to this claim as shown by the mere fact that his attorney did not pursue the claim. Such circular reasoning, without any attempt at developed argument, will not suffice for cause. Moreover, cause is not shown by proof that counsel failed to recognize legal or factual grounds for a claim or that, though counsel recognized the claim, he did not raise it. *Reed, supra*, 468 U.S. at 16. For reasons previously explained, this claim too has been procedurally defaulted.

*e) Multiplicity*: The fifth purported defect in the presentments [Ground eleven] is that the conduct charged in the presentments resulted from a common scheme or plan and, thus, that only one count of the cocaine offense should have been alleged—not three separate counts. According to petitioner, charging him with the same offense in three separate counts deprived him of notice of the charge and prevented him from mounting a defense—all in violation of his right to due process and a fair trial. In a related, or perhaps alternative, argument, petitioner suggests that the three counts should have been severed and tried separately. (The severance issue

is raised again as an independent claim and will be discussed later in this opinion.)

The multiplicity claim was not raised in state courts in the prescribed procedural manner through one round of state court review and has been procedurally defaulted. Petitioner offers the same factually undeveloped claim of cause (ineffective assistance) and for the same reasons the claims of cause were rejected in previous claims, it is also rejected in this one.

2. ***Jury Instructions***  [Grounds three and five].

*a) Unanimity re:Facts, re: Sale & Delivery*:  In this two-part claim, petitioner first contends that the jury was not informed that it had to agree unanimously on each particular set of facts supporting each count.[6]  This, so he asserts, violates his right to have the jury correctly and completely instructed on every element.  Next, he complains that the trial judge constructively amended the presentments by instructing the jury only as to the "sale" offense, and not as to the "delivery" offense.  It is his position that the omitted jury instruction violates his right to be tried upon the presentments, exactly as they were returned by the Grand Jury.

Though offered in the petitioner's *pro se* application for permission to appeal to the state supreme court on direct appeal [Addendum No. 49], this claim was not raised at trial or in the state appellate court.  [Addenda Nos. 1, 48].  The claim was

_____

[6]  To the extent that petitioner is asserting that the Constitution imposes a jury unanimity requirement in non-capital state criminal cases, there is no such a requirement.  *See Johnson v. Louisiana*, 206 U.S. 356 (1972).  *See also Schad v. Arizona*, 501 U.S. 624, 630-31 (1991) (plurality opinion) (declining to hold that either the Sixth, Eighth, or Fourteenth Amendments  require a unanimous jury in state capital cases).

raised in the petitioner's *pro se* post-conviction petition, which was dismissed without prejudice because his direct appeal was pending, but not in his motion to reopen that petition or the later-filed post-conviction petition. [Addenda Nos. 20, pp. 1-29; 22, 51, pp. 6-20; 52]. Indeed, as observed earlier, during the post-conviction hearing, counsel restricted petitioner's grounds for relief to claims of ineffective assistance. [Addendum No. 21, pp. 6-7]. Because the claim was not offered to the state courts, through one full round of review, petitioner must demonstrate cause and prejudice for this failure to obtain federal review.

Obviously anticipating respondent's assertion of procedural default, petitioner argues, in his petition, that he had ineffective assistance at trial, on appeal, and during his post-conviction case and that the prosecutors and state courts were also responsible for any procedural default for failing to comply with post-conviction law.[7] Petitioner claims, as cause, that any procedural default which occurred was due to the ineffective

---

[7] Petitioner's response does little to clarify his position with respect to respondent's procedural default defense. The § 2254 petition contains twenty-two numbered grounds for relief; petitioner's response to the dispositive motion specifically addresses only the first seven. Ground three in the response involves the redaction issue, whereas this allegation is set forth in Ground eight in the petition. Also, the arguments listed in petitioner's response under the heading, "Grounds Four" [Doc. 52 at 17-24], concern everything but the claimed instructional error alleged in the petition as Ground Four. For example, petitioner interweaves an argument that, for various reasons, the presentment was defective with arguments that his attorneys gave him ineffective assistance; that there was no probable cause to support his arrest; that the prosecutors and his attorneys engaged in misconduct; that he was subjected to malicious prosecution; that the evidence was manufactured, that the confidential informant was not credible; and finally, that the trial court redacted the co-defendant's name from the charging document but failed to issue an instruction "to put the evidence of [the co-defendant] in its proper scope." Thus, the Court considers the main response to be contained in the petition itself.

17

assistance of his trial, appellate, and post-conviction attorneys and due to the state courts' disregard of his *pro se* filings.

First of all, petitioner has no constitutional right to counsel in state collateral proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). This means that any ineffective assistance on the part of his post-conviction counsel could not and did not violate the Constitution. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be grounds for relief in a proceeding arising under section 2254."); *Coleman*, 501 U.S. at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings.")

Moreover, while petitioner has a right to counsel through his first appeal as of right and though an attorney's error which rises to the level of a Sixth Amendment violation may establish cause for a procedural default, *Carrier,* 477 U.S. at 488 and 492, petitioner's mere allegation that his trial lawyer did not pursue issues which counsel viewed as legally groundless does not illustrate a deficiency of performance. *See Krist v. Foltz*, 804 F.3d 2d 944, 946-47 (1986) (attorney has no duty to pursue frivolous claims at trial or appeal to avoid a later charge of ineffective assistance). And counsel's failure to offer these claims could not have prejudiced the defense because, as noted in the prior section, the trial court found that an election was made between selling cocaine and delivering cocaine and that the jury was charged only on selling cocaine.

Thus, given that the jury was only asked to consider the offense of selling cocaine, it did not need to be instructed as to the delivery offense or to be told that it must agree unanimously on the facts supporting both offenses. Since no prejudice accrues from the failure to seek irrelevant jury instructions, counsel did not violate the Sixth Amendment by virtue of this omission.

Further, it defies logic to assert, as was done here, that a procedural default of one party's claim can be caused by the party opposing the claim or the judicial officer considering it. Indeed, since only petitioner or someone acting in his behalf has standing to assert his constitutional rights in this § 2254 application, *Whitmore v. Arkansas*, 495 U.S. 149, 163-65 (1990); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998), it is logical to conclude that only he or someone legally acting in his behalf—which certainly would not be the state's attorney or the state court—has standing to commit a procedural default of his constitutional claims.

Because petitioner has failed to demonstrate cause for the procedural default of his claim, federal review is unavailable.

*b) Unanimity [Statutory Enhancement]*: Petitioner suggests, in this claim [Grounds four and seven], that the jury was not told that it had to agree unanimously on the statutory enhancement element of the offense, specifically as to the amount of cocaine involved. This, he contends, violates his jury-trial right, as well as his right to have every element decided by a jury under a complete and correct charge of the law.

Petitioner maintains that he raised the claim in his *pro se* motion for a bill of particulars; concedes, at the same time, that this ground has been procedurally defaulted; but once again points to his attorneys' alleged ineffective assistance and the acts or omissions of the state prosecutors and state courts as cause for any procedural default.

First, as noted earlier, an error by a post-conviction attorney is not a constitutional violation and, thus, cannot serve as cause. Nor are the state attorneys or trial courts accountable for the default of the claim. Moreover, petitioner's suggestion that error on the part of his trial and appellate attorneys led to his procedural default is devoid of factual development. Skeletal allegations, such as these, are insufficient to demonstrate cause. Equally important, actual prejudice has not been and cannot be shown because the jury, in fact, found petitioner guilty of the sale of more than half a gram of cocaine, as specifically charged in the presentments. [Addendum No. 1 at 1-3, 108; Addendum No. 2, Tr. T. at 133-34]. Due to petitioner's procedural default, to which no exceptions apply, habeas corpus review has been forfeited with respect to this claim.

*c) Belated instructions [constructive amendment]*: In this claim [Ground six], petitioner asserts that the jury was not instructed as to the elements of the sale of cocaine until it had returned its verdict in open court. Citing to the transcript, he complains that the trial court's actions amounted to a constructive amendment of the presentments.

The Court has reviewed the cited portion of the transcript. In it, the trial judge

read each of the three counts contained in the presentments, immediately followed by the foreperson's announcement of the jury's verdict on that particular count. [Addendum No. 2, Tr. T. at 132-33]. Clearly, the state court was not issuing jury instructions, but was simply presiding over the return of the jury's verdict. Be that as it may, petitioner concedes that his lawyers did not object to this purported error at trial and did not raise the matter in the motion for a new trial, on appeal, or in the post-conviction proceedings. This constitutes a procedural default.

As cause, petitioner asserts ineffective assistance of trial, appellate, and post-conviction counsel, prosecutorial dereliction of the duty to respond to petitioner's *pro se* filings, and the state courts' failure to address those filings as required by state post-conviction law. Like petitioner's earlier assertions of cause, these claims of cause also lack any factual underpinnings. Therefore, for the reasons given in the previous section, petitioner has failed to show cause to excuse his procedural default and cannot obtain federal review of his claim.

3. ***Double jeopardy*** [Grounds nine, ten, eleven and twenty-one].

Petitioner asserts that his right not to be twice placed in jeopardy was violated in several ways. First, he claims that, by failing to elect whether to proceed on the delivery offense or the sale offense before trial and/or before the jury was sworn, the state encroached on his protections against double jeopardy; it did so by prosecuting him for two separate offenses with non-identical elements. [Ground nine]. Secondly, in a claim related to the assertions in Ground five, *see infra*, petitioner alleges that the trial court violated the Double Jeopardy Clause by failing to require the state to elect

between the sale or the delivery charge and by failing to instruct the jury to agree unanimously on selling cocaine or delivering cocaine, as well as the facts underlying each offense. [Ground ten].[8] Third, as a variation of his earlier-discussed multiplicity claim, petitioner maintains that he was subjected to double jeopardy because he was sentenced on three counts instead of one, even though the facts revealed that "a common scheme or plan" connected the charged criminal conduct. [Grounds eleven and twenty-one].

Petitioner implicitly concedes that these issues have been procedurally defaulted by making the same claims of cause as were made previously (i.e., ineffective assistance, misfeasance on the part of the prosecutors, and the state courts' failure to implement post-conviction law). For the same reasons that the Court found the earlier claims of cause unacceptable, it likewise declines to accept these instant claims of cause. Petitioner's procedural default now bars habeas corpus review of his claims of double jeopardy.

4. ***Severance Issue*** [Ground eleven].

Petitioner claims, in this issue, that he filed *pro se* pretrial motions to sever the

---

[8] Ground ten is pled as follows: "The petitioner contends, the jury verdicts were a matter of choice upon the offenses of sell or deliver, due to the trial court Judges, error in failing to have the State to elect between sell or deliver and failing to instruct the jurys to united upon either offense sell or deliver, as required in this jurisdiction...and error when failing to instruct the jurors of their duties to agree unanimously upon each of the offenses separate set of facts, as the State's proof was presented to the petitioner's jurys under each of the three (3) offenses separate set of facts... constituting a violation of double jeopardy by the State, mergering facts and issues that were not admissible upon the trial of the other of offenses charged, and tried to a single jury."

two presentments and counts, arguing that the presentments were separate, the dates were different, and the facts offered to prove one count would be inadmissible in a trial of the other counts. Petitioner concedes that his claim was procedurally defaulted but ascribes the default to ineffective assistance on the part of his attorney, who testified at the post-conviction hearing that, in his opinion, the motions were not valid under the controlling law. Petitioner further alleges, as he has with respect to his prior claims, that any procedural default is also attributable to the attorneys who represented him on appeal and in his post-conviction case, the attorney who represented the state, the trial judge who heard the matter, and the state appellate courts which refused to consider his *pro se* submissions.

A finding of cause to excuse the procedural default is not warranted here either—a conclusion reached by the same reasoning employed to reject earlier claims of cause. Absent cause, petitioner's procedural default works as a forfeit of federal review of this claim.

5. ***Probable Cause Issues*** [Ground twelve].

Petitioner's claim, as the Court understands it, is that the informant was not credible and reliable and that the state, therefore, had no probable cause to arrest or convict him, since the convicting evidence was obtained through such an unreliable source. Implicitly conceding that the issue was not raised at trial or on appeal, he maintains that the procedural default is chargeable to his attorneys, the state prosecutors, the trial court which did not perform its "detached functions," and the state appellate courts which would not consider his *pro se* briefs.

Allegations of ineffective assistance, unsupported by any factual elaboration specific to the claim at issue, cannot show a deficient and prejudicial performance on the part of an attorney. Nor can a claim asserted by a petitioner be procedurally defaulted by the opposing party or the courts which are tasked to adjudicate the claim. Absent a showing of cause, petitioner's procedural default bars federal review.

6. ***Confrontation and Compulsory Process*** [Ground fourteen].

This claim concerns counsel's alleged failure to contact certain potential witnesses at the time they were incarcerated and could be located, to interview those persons, to issue subpoenas for them, to offer them as witnesses at trial, or to assist petitioner in his attempt to have subpoenas issued for them.

Interestingly, this claim is presented as an independent claim, but it appears to be a repackaging of petitioner's allegation that his trial lawyer gave him ineffective assistance by failing to locate, interview and issue subpoenas for certain witnesses for the defense (or to serve the subpoenas purportedly issued while petitioner was acting *pro se*). Also, the Court cannot help but note that petitioner's allegations do not truly implicate his right to confront witnesses against him since these persons were alleged to be potential witnesses for him, not against him.

Nevertheless, the claim was not offered as an independent constitutional claim to the state courts in accordance with the state's procedural rules and cannot be raised here now. As respondent indicates, this constitutes a procedural default. Petitioner responds by raising the same claims of cause as he advanced previously. No cause was found to excuse the procedural defaults addressed earlier in this opinion and, for

24

those same reasons, these instant claims of cause are also rejected.

7. ***Discovery Issue*** [Ground fifteen].

Petitioner contends, in this claim, that he filed a *pro se* pretrial motion seeking disclosure of certain items, specifically audio tapes, videotapes, and the cocaine associated with the charged offenses for the purpose of having an expert, whom he intended to hire, inspect, re-test, and re-weigh that substance. However, his attorney, believing that there were no legal grounds to support the motion, did not press it upon the trial court and, hence, the motion was not heard. Moreover, though the state ultimately produced the audiotapes and videotapes, as is required by *Brady v. Maryland*, 373 U.S. 83 (1963), petitioner himself was not provided access to that evidence until one hour prior to the trial. Petitioner takes the position that, owing to the state's refusal to produce the cocaine for testing by his intended expert and the delayed production of the tapes, this evidence went unchallenged, resulting in a denial of due process, a fair trial, and a fair post-conviction hearing. He also argues that, aside from any disclosure issues, the evidence was actually inadmissible because the prosecution did not lay a proper foundation for its introduction.

Petitioner, impliedly conceding that these issues have been procedurally defaulted, again points to ineffective assistance of counsel as cause. As in all previous grounds, this claim of cause lacks any factual development and cannot support a finding of a prejudicial performance on the part of petitioner's attorney. Even if the claim of cause were supported by more than conclusory allegations, the state court ruled that counsel did not render inadequate representation with respect to re-

analyzing the cocaine—a ruling that cannot be disturbed for reasons explained in the "Adjudicated Claims" section of this opinion. Since counsel's purported error has not been shown to be a constitutional violation, petitioner has failed to overcome his procedural default and cannot obtain habeas corpus review for his claim.

8. ***Impeachment Evidence/Enhancement/Prior Convictions*** [Grounds sixteen, seventeen, nineteen, twenty].

In this group of claims, petitioner contends that the trial court permitted the prosecution to use prior convictions and prior bad acts to impeach his credibility and that of his witnesses, without first holding a jury-out hearing on this matter or giving a limiting instruction. Furthermore, the prosecution explored the details underlying the convictions. All of this, he maintains, violates state law. Additionally, he contents that his convictions were used to enhance his sentence, despite the state's failure to give proper advance notice of its intent to seek enhancement on this basis, as required under state law, and although the fact of the prior convictions was not presented to or found by a jury beyond a reasonable doubt, in violation of, *inter alia*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[9] Petitioner maintains that employing his pre-1982 D.U.I. offenses and certain other convictions—some of which had been dismissed or expunged—for enhancement purposes was prohibited by the state and federal ex post facto laws.

---

[9] *Apprendi* holds that "[*o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at 490 (italics added).

Not surprisingly, petitioner reiterates his position that any procedural default was due to ineffective assistance on the part of his attorneys and errors and omissions on the part of the prosecutors and the state courts. For all the reasons previously discussed, petitioner's naked allegations of ineffective assistance and of state law errors on the part of both the prosecution and the state court cannot do service as cause. Petitioner has failed to demonstrate cause for his procedural default, which stands as barrier to habeas corpus review.

9. ***Speedy Trial*** [Ground eighteen].

Petitioner asserts that he filed a *pro se* pretrial motion for a speedy trial, but that both his attorney and the state ignored it. Additionally, he suggests that the prosecution repeatedly delayed the trial and that, during the delay, his witnesses were transferred to the custody of the Tennessee Department of Correction [the obvious implication is that the transfer resulted in the unavailability of those witnesses at trial] and the state used that time to advance its case, to alter the audio tapes, and to prepare a trial by ambush. He also maintains that his attorney permitted this to happen by failing to investigate or prepare his case for trial.

Petitioner agrees with respondent's assertion of procedural default, but as usual, ascribes the default to his attorneys, who gave him ineffective assistance, to the prosecutors, who did not respond to the *pro se* motion, and to the trial judge who did not address the *pro se* motion or make a record of the issue. And also as usual, petitioner has offered no factual allegations to support his claim of cause. Therefore, there is nothing which would permit a finding that petitioner's trial or appellate

counsel rendered a prejudicial performance.  Nor can a procedural default be imputed to the prosecutors or state courts.  Petitioner has not shown cause, and his unexcused procedural default bars federal review of this claim too.

10. ***Ineffective Assistance***  [Ground twenty-two, sub-parts 1, 5, 6, 9-14, 16, 17, 20-28, 30-34, and 38-47].

Respondent alleges that the sub-claims of ineffective assistance which follow were not raised in a procedurally proper manner in state court.

*a) Counsel failed to*: challenge the presentments by filing motions or otherwise, on the basis that i) the presentments were not signed by all Grand Jurors [sub-parts 1 and 17], ii) they had been constructively amended when petitioner's co-defendant's name had been removed from the charging documents with white-out [sub-parts  5 and 23], iii) they charged both sale and delivery of cocaine in one count, placing him twice in jeopardy [sub-part 6], iv) they failed to promote actions to dismiss the presentments [sub-part 11], v) the tapes which led to the presentments were in the possession—not of the state or the trial court, but of "some lady" who did the transcription [sub-part 34[10]], and vi) the presentments somehow worked to deny petitioner effective assistance of counsel and a fast and speedy trial [sub-part 38];

*b) Counsel failed to*:  obtain (through discovery), inspect, and seek to suppress the audio tapes and videotapes of the claimed drug transactions [sub-parts 9, 14, 30, 31, 32, and 33];

---

[10]     Most if not all the sub-parts overlap at least a portion of other sub-parts.

*c) Counsel failed to:* locate, investigate, subpoena, and call certain witnesses at trial or move for a continuance to allow counsel time to do these things [sub-parts 10, 14 and 16];

*d) Counsel failed to*: file motions or assist petitioner's *pro se* motions [sub-parts 12, 13, 14, 17, 21, 22, 27, 28, 30, 34, 38, 39, 40, 41 and 42];

*e) Counsel failed to*: refrain from filing a motion to withdraw from representing petitioner on appeal [sub-parts 24 and 39];  and

*f) Counsel failed to*: object to and file motions challenging petitioner's enhancements and resulting sentence [sub-parts 40-47].

With the exception of the sub-parts of the ineffectiveness claim which reiterate or overlap the adjudicated ones—to be discussed in the next category—these allegations were not submitted for disposition to the state courts in the manner required by the state's procedural rules.  This amounts to a procedural default. Therefore, and since the default would necessarily have occurred during the post-conviction proceedings and since, as discussed previously, ineffective assistance of post-conviction counsel cannot provide cause, these procedural defaults stand in the way of habeas corpus review.

B. *Adjudicated Claims*

The Court turns now to the petitioner's first claim in this category.

1. *Insufficient Evidence*  [Ground thirteen].

Petitioner challenges the sufficiency of the convicting evidence, arguing that

there was no probable cause to support his arrest and prosecution.  He further suggests that it was unreasonable to search and seize an item (not identified by him)  or a person (also unidentified), that the informant's reliability was unproven, that petitioner's conviction did not stem from his knowing possession with the intent to sell or deliver cocaine, but was based on his mere presence or association with a person who did possess drugs or from his entrapment by the officers who used an unsupervised informant to incriminate petitioner, and that, without the audio tapes, there is no evidence whatsoever to sustain his cocaine convictions.

Petitioner suggests that ineffective assistance serves as cause to excuse any procedural default.  However, respondent does not allege procedural default, but instead acknowledges that petitioner presented and exhausted this claim in state courts.  Nevertheless, respondent insists that he is entitled to summary judgment because the state court's adjudication of the claim must remain undisturbed under the pertinent review standards.

The standard to which respondent refers is found in 28 U.S.C. 2254(d).  Under this standard, a district court may not grant a writ of habeas corpus for any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law  as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

As noted above, to be convicted of a Class B felony for selling cocaine, petitioner must have knowingly sold .5 grams or more of any substance containing cocaine.  Tenn. Code Ann. 39-17-416 (a) (3) and (c).  On appeal, petitioner challenged the evidence on the basis that the officers had not actually seen him exchange drugs or money with the confidential informant ["CI"] and that testimony by defense witnesses showed that the CI was untruthful.

In addressing these issues, the Tennessee Court of Criminal Appeals detailed the proof adduced at trial concerning petitioner's conduct.  The trial record included testimony that petitioner had made telephone calls to the CI  to arrange each of the three drug sales; that the CI had gone to the passenger side of the vehicle where petitioner sat; that she had dealt directly with him; that she had placed her hands inside the vehicle; that she had returned from the encounter with the illegal drugs but without the money she had been provided for the purchase; and that audio or video recordings had been made of each transaction and played to the jury.  Furthermore, the evidence encompassed transcripts derived from those audio recordings, which verified that the CI had dealt directly with petitioner.  After observing that it is within the jury's province to accredit or reject testimony of witnesses, to weigh testimony, and to resolve conflicts in evidence, the state appellate court concluded that the evidence was sufficient because a trier of fact could have found petitioner guilty of the cocaine offenses, beyond a reasonable doubt.

In reaching this conclusion, the state appellate court cited to a state procedural

rule, Tenn. R. App. P. 13(e), which embodies the Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See State v. Dodd*, 1995 WL 686111, * 2 (Tenn. Crim. App. Nov. 15, 1995). *Jackson*, which provides the controlling legal rule for this issue, *see Gall v. Parker,* 231 F.3rd 265, 287-88 (6th Cir. 2000), holds that evidence, when viewed in the light most favorable to the prosecution, is sufficient if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. Thus, the state court decision is not contrary to *Jackson*. The question is whether the state court's conclusion is an unreasonable application of *Jackson*. It was not.

Insofar as the Court can discern, this issue primarily involves two competing versions of the circumstances surrounding the drug transactions and the jury's obvious acceptance of the version offered by the CI, as bolstered by the officers' testimony and the tapes. A jury is free to choose which version of a contested issue is true. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

In view of all the proof in the record, and because this issue, distilled to its essence, is one of credibility, the state court's resolution of this claim was not an unreasonable application of the *Jackson* standard nor based on an unreasonable determination of the facts. Since petitioner's claim of insufficiency of the evidence does not pass either of § 2254(d)'s tests, respondents are entitled to summary judgment on this claim.

2. ***Ineffective Assistance*** [Ground twenty-two, sub-parts 2, 3, 7, 8, 15, 18, 19, 20, 25, 26 sub-sub parts (1) - (7), 29 and 35-37].

This claim now contains thirteen sub-parts and seven sub-sub-parts. All but four of the alleged attorney errors are imputed to trial counsel: the four exceptions are purported illustrations of post-conviction counsel's ineffective assistance. Also listed under the claim of ineffective assistance are allegations supposedly demonstrating that Tennessee's post-conviction law was violated by the prosecutor, the trial judge, and the state appellate court during the post-conviction proceedings.

First of all, for reasons set forth earlier in this opinion, any errors made by post-conviction counsel do not amount to constitutional violations. Secondly, attacks on Tennessee's post-conviction procedures are not cognizable under § 2254 because those challenges do not relate to petitioner's detention. *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986). Therefore, only alleged errors by the attorney who represented petitioner at trial will be considered here.[11] The others [i.e., Ground twenty-two, sub-parts 25, 26 and sub-sub-parts (1) - (7)] will not be addressed.

The relevant legal rule governing a claim of ineffective assistance is found in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish such a claim, a petitioner must show that counsel's performance was deficient and that the deficient performance

_____

[11] By including the name of Gerald Gully, Jr. under the "Supporting Facts" section of Ground twenty-two, petitioner indicates that he is also claiming that Mr. Gully, his appointed counsel on appeal, gave him ineffective assistance. [Pet. at 54]. However, because none of the itemized errors are ascribed to Mr. Gully and because petitioner only refers to him in passing, the assistance rendered to petitioner by Mr. Gulley warrants no further discussion.

prejudiced the defense so as to render the trial unfair and the result unreliable. *Id.* at 687. A reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 694. To demonstrate deficient performance, a petitioner must show that his counsel's representation fell below an objective standard of reasonableness on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 688, 693-94. To show prejudice, a petitioner must demonstrate that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different *Id.* at 694. A finding of no prejudice provides an adequate ground for rejecting an ineffective assistance of counsel claim, even if a deficient performance is assumed. *Id.* at 687.

The Tennessee Court of Criminal Appeals reviewed petitioner's claims regarding the representation rendered him by his trial counsel. It reviewed the testimony offered at the evidentiary hearing and observed that the post-conviction court had made specific findings with respect to the claims of ineffective assistance. The appellate court then went on to conclude that, based upon its review of the transcript of the trial and the post-conviction hearing, his trial attorney, for the most part, had performed within professional guidelines and any deficiency of performance would not have resulted in a different outcome. This was so, according to the state court, because petitioner had not offered a credible basis for a defense of entrapment, insanity, or diminished capacity and because he had failed to present any witnesses at the evidentiary hearing who would have given helpful testimony, as petitioner had indicated.

Furthermore, while trial counsel sought a severance, the state court found that there was no basis to file a motion to dismiss based on the content of the presentment since the three counts in the presentment properly were joined. The state court also found that, since petitioner admitted that cocaine was present in the substances and since, under state law, the weight of cutting agents or mediums are included along with the weight of the cocaine in calculating the weight of the scheduled substance, an independent analysis of the illegal drugs would not have helped petitioner. And because petitioner had failed to substantiate that any links in the chain were defective, counsel would not have succeeded in a chain-of-custody objection to the admission of the cocaine. Equally unavailing was petitioner's claim that counsel should have objected to his prior convictions since the trial court (sitting as the post-conviction court) stated that the objections would have been overruled and since petitioner did not argue otherwise.

Finally, the appellate court, characterizing the evidence as being "simply overwhelming," pointed out that there was proof that petitioner had sold drugs to a confidential informant who taped the transactions, which were observed by the officers at a distance; evidence to show that there was an exchange of money; and testimony by the co-defendant which bolstered the prosecution's case. Given the strength of the convicting evidence, the appellate court determined that, no matter the level of competence displayed in trial counsel's performance, a defense would have been highly unlikely to have succeeded.

In considering petitioner's claims, the Tennessee Court of Criminal Appeals,

as did the post-conviction court, cited to *Strickland v. Washington*, 466 U.S. 668 (1984)—the seminal case for determining whether counsel has rendered constitutionally ineffective assistance, as well as to *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)—a case which holds that a petitioner who claims ineffective assistance must show that counsel's advice or services fell below the range of competence demanded of attorneys in criminal cases. Since *Baxter*'s analysis is the equivalent of the performance-prong of the *Strickland* test, the state court's decision was not "contrary to" clearly established federal law as determined by the Supreme Court. The question then becomes whether the state court unreasonably applied *Strickland* in deciding that any deficiency of performance did not result in prejudice. It did not.

The factual determinations made by the state appellate court based on its review of the record are entitled to deference and, absent any clear and convincing evidence to the contrary, will be presumed correct. *Brumley v. Winard*, 269 F.3d 629, 637 (6th Cir. 2001) (citing *Sumner v. Matta*, 449 U.S. 539, 546-47 (1981)). Petitioner has offered no such evidence. Given these findings, as well as the state court's reasoning which supports its conclusions and the "overwhelming" proof contained in the record, the state court decision did not result from either an unreasonable factual determination in light of the evidence before it or an unreasonable application of the controlling legal principles in *Strickland*. Therefore, petitioner is not due any relief on this claim.

# VI. **Conclusion**

Accordingly, respondents' motion to dismiss certain claims as procedurally defaulted has merit and will be GRANTED [Doc. 44]; because there is no genuine issue about any material fact and because the respondents are entitled to a judgment as a matter of law, their motion for summary judgment will also be GRANTED [Doc. 44]; for that same reason, petitioner's motion for summary judgment will be DENIED [Doc. 54]; and this petition will be DISMISSED.

# VII. **Certificate of Appealability**

Finally, the Court must decide whether to issue a certificate of appealability (COA). Petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right. He makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural rulings or its assessment of his constitutional claims. *See Slack v. McDaniel,* 529 U.S. 473 (2000). The Court has found that many of petitioner's claims were procedurally defaulted and that he had not made a sufficient showing of cause and prejudice to overcome this obstacle. The Court also found that the two claims which were adjudicated in state court would not support habeas corpus relief because, after an examination of the state court decisions, the record, and the relevant governing law in Supreme Court cases, those decisions did not run contrary to well established federal law, did not reflect that the state courts had unreasonably applied that law, and did not demonstrate that the state courts had disposed of those claims by

unreasonably determining the facts offered to those courts.

The Court now finds that reasonable jurists could not disagree with the resolution of these claims and could not conclude that they "are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and will **DENY** issuance of a COA.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.


**ENTER**:


<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE